UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEATRICE ZIEGLER and CHARLES
ZIEGLER, Husband and Wife, and
LEROY MAZON,

        Plaintiffs,

v.                                      Case No. 8:07-cv-1474-T-24-TBM

LOCKHEED MARTIN CORPORATION,
WPI SARASOTA DIVISION, INC.,
WIRE PRO, INC., and BECSD, LLC,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for Remand (Doc. No. 14). Defendants have filed a response in opposition (Doc. No. 15).

On July 12, 2007, Plaintiffs Beatrice Ziegler, Charles Ziegler, and Leroy Mazon (jointly "Plaintiffs") filed a complaint against Defendants Lockheed Martin Corporation ("Lockheed Martin"), WPI Sarasota Division, Inc. ("WPI"), Wire Pro, Inc. ("Wire Pro"), and BECSD, LLC ("BECSD") (jointly "Defendants") in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. Generally, Plaintiffs are suing Defendants for the personal injuries they sustained as a result of Defendants' alleged acts or omissions. Paragraphs 17 and 21 of the complaint provide a succinct introduction to Plaintiffs' claims:

    17.    From 1961 to 1996, Loral Metals Technology Beryllium Company, predecessor in interest to Loral Corporation and, therefore, Lockheed, operated a precision machine/metal working plant in Manatee County, Florida, at the Tallevast Site, under the name Loral American Beryllium Company and/or Visioneering Company, Inc. Through a 1996 merger with Loral, Lockheed obtained ownership of the plant and the Tallevast Site. Lockheed discontinued the plant's operation

    in 1997. In 2000, the plant and the Tallevast Site were sold to Wire Pro. WPO, a subsidiary of Wire Pro, presently operates the Tallevast Site.

21. All of the manufacturing and waste disposal processes performed by the Defendants at the Tallevast Plant have, at all material times, introduced respirable beryllium dust, fumes, and particulate matter into the environment including the ambient air. Said operations also deposited beryllium dust, fumes, and particulate matter onto the clothes of workers, including Plaintiff, Charles Ziegler, which was then carried to the Plaintiffs' home and introduced into the ambient air, where is [sic] was respired.

On August 20, 2007, Defendant Lockheed Martin filed their notice of removal to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446. Defendants WPI, Wire Pro, and BECSD joined in the removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (Doc. No. 1). On September 19, 2007, Plaintiffs filed the instant motion to remand, to which Defendants responded on October 3, 2007.

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Plaintiffs assert that remand is appropriate because: (1) complete diversity of citizenship is lacking between the parties; and (2) the Federal Officer Removal Statute is not applicable to this case. Plaintiffs are all citizens of Florida, and each Defendant is a citizen of another state, except that Defendant WPI is a citizen of Florida. Plaintiffs argue that the presence of WPI in this action defeats the diversity jurisdiction of the district court, and therefore, that this case should be remanded to state court. Defendants respond that Plaintiffs fraudulently joined

Defendant WPI solely to defeat the district court's diversity jurisdiction. Plaintiffs also argue that federal officer removal, pursuant to 28 U.S.C. § 1442(a)(1), is inappropriate in this case, whereas Defendants contend federal officer removal is appropriate.

The Court notes that there have been at least three other similar cases in the Middle District of Florida involving the same Defendants, where removal was attempted on theories of fraudulent joinder and federal officer removal. *See Ward, et al. v. Lockheed Martin Corporation, et al.*, 8:05-cv-1878-T-17-TGW; *Bradley et al. v. Lockheed Martin Corporation, et al.*, 8:06-cv-461-T-17-MSS; and *Washington et al. v. Lockheed Martin Corporation*, 8:06-cv-1565-T-23-MAP. In each of these cases, the district court found that there was no fraudulent joinder, that federal officer removal was not appropriate, and therefore, that the district courts did not have subject matter jurisdiction (Doc. No. 36 in 8:05-cv-1878-T-17-TGW; Doc. No. 11 in 8:06-cv-461-T-17-MSS; and Doc. No. 15 in 8:07-cv-1565-T-23-MAP). For the reasons stated in the remand order in *Ward, et al. v. Lockheed Martin Corporation, et al.*, and for the reasons stated in Plaintiffs' motion, the Court finds that this action should be remanded to the state court where it was originally filed.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is **GRANTED**. The Clerk is directed to remand the instant case to the state court where it was originally filed, terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of November, 2007.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3